Turley, J.
delivered the opinion of the court.
Defendant was convicted of the offence of usury, in the circuit court of Maury county, and now seeks a reversal of *170 the judgment, upon the ground that there is a variance between the contract out of which the usury was received, as set forth in the presentment, and that as proved upon the trial. It is not denied that such variance exists; but is that a good cause for reversing this judgment? We think not.
The act of 1835, chap. 50, sec. 6, enacts, that “in any case where more than legal interest shall be taken, the person taking the same shall be liable-to indictment or presentment, and, on conviction, shall be fined a sum not less than the whole usurious interest so taken and received, which amount shall be ascertained by the jury trying the case: provided, that no fine shall be less than ten dollars.” Now, by this statute, the offence consists in receiving illegal interest, not contracting to receive it; the contract, then, is merely inducement, and need not be described wil h that particularity which is required when it constitutes the body of the offence, or is the foundation of an action: this is so upon reaspn and authority. Usurious contracts are' made in secret; it would then be impossible to indict or present for. the offence, if strict formality- were required, in setting forth'the contract and amount of usury received, unless the party to the contract were to give the information, which he very seldom will do. In 8th Bacon’s Abr. page 338, title Usury, it is said, “that upon an information in the exchequer, for that .the defendant, per viam corruptee bargainee, received, &c.: after .verdict it. was moved in arrest of judgment, because the plaintiff did not set forth what the bargain was, but -generally, per viam corruptee, &c., sed non allocatur, for this is the usual course of the exchequer, and the bargain is to be given in evidence.” But it was agreed, that, impleading to avoid a bond or assurance, it ought to be particularly set forth, .because the party is privy to his own contract, but the informer-is not.
There is no reason for-greater strictness in bills of indictment or presentment under our' statute, than on informations in -England; they are both penal proceedings, in which the guilty party is only punished by amercement.
We are, therefore, of the opinion- that there is no error in this case, and affirm the judgment.